**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | | |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:18-cr-20056-JTF-2** |
| | ) | |
| **JONATHAN SHELTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO
## SUPPRESS AND DENYING DEFENDANT'S OBJECTIONS

---

Before the Court is Defendant Jonathan Shelton's Motion to Suppress Evidence Obtained from Unlawful Stop and Warrantless Search, filed on February 8, 2019, to which Defendant United States filed its Response opposing the Motion on February 22, 2019. (ECF Nos. 98 & 102.) The Motion was referred to the Chief Magistrate Judge, (ECF No. 101), who held a hearing on the matter on March 28, 2019. (*See* ECF Nos. 109 & 126.) On April 1, 2019, the Magistrate Judge issued a Report and Recommendation on Defendant's Motion to Suppress, suggesting that the Motion should be denied because the stop and seizure of the vehicle Defendant was riding in was valid insofar as it resulted from officers having a reasonable suspicion that Defendant was committing an ongoing, misdemeanor traffic offense. (*See* ECF No. 119, 9–10.) The Defendant filed untimely Objections to the Magistrate Judge's Report and Recommendation on April 16, 2019. (ECF No. 121.)

For the following reasons, the Court finds that the Magistrate's Report and Recommendation should be ADOPTED and Defendant's Objections should be DENIED.

## FINDINGS OF FACT

In her Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 119, 3–5.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or

recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

The issue presented by Defendant's Motion is whether Memphis Police Department officers were justified in detaining the motor vehicle that Defendant was a passenger in, for the purpose of conducting a field comparison test to determine if said vehicle was operating in violation of Tenn. Code Ann. § 55-9-107. (ECF No. 98, 3; *see also* ECF No. 119, 3.) The Chief Magistrate Judge recommends the denial of Defendant's Motion to Suppress because the stop and seizure of Defendant's vehicle was validly based on a reasonable suspicion of an ongoing, misdemeanor traffic offense. (*See* ECF No. 119, 9–10.) This Court agrees.

A traffic stop is a "seizure" subject to the reasonable requirement of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996). To initiate a traffic stop for an ongoing, misdemeanor traffic offense, such as a window tint violation under Tenn. Code Ann. § 55-9-107, officers must have a reasonable suspicion of the ongoing misdemeanor. *United States v. Monroe*, No. 17-20025-SHM-dkv, 2017 U.S. Dist. LEXIS 220641, at *15–17 (W.D. Tenn. Nov. 30, 2017). Moreover, if at the time of the stop the officer had a reasonable suspicion that the target was violating a traffic law or ordinance, "then it simply does not matter whether [the officer] intended to stop [the defendant] on the basis of that traffic violation" or instead

intended to stop the defendant because he suspected criminal activity was afoot. *United States v. Hughes*, 606 F.3d 311, 316 (6th Cir. 2010).

Here, Detective Tate, an MPD officer with substantial prior experience enforcing traffic regulations (including tint comparison tests), estimated that the darkness of the tinted windows on the car Defendant was riding in violated Tenn. Code Ann. § 55-9-107 and, accordingly, stopped the vehicle on suspicion of the violation.[1] (*See* ECF No. 119, 9–10; *see also Tenn. Code Ann.* § 55-9-107(A) (making it illegal for anyone to operate a motor vehicle with window tint that results in visible light transmittance of less than 35%).) With the Chief Magistrate Judge finding the MPD officers' testimony credible, it becomes clear that there was a reasonable suspicion of an ongoing misdemeanor traffic offense sufficient to support the traffic stop. *United States v. Shank*, 543 F.3d 309, 313 (6th Cir. 2008) (holding that the officers had a proper basis to initiate a traffic stop "[d]ue to the officers' familiarity with window tinting" and their estimate that the windows were tinted darker than permitted by law); *States v. Monroe*, No. 17-20025-SHM-dkv, 2017 U.S. Dist. LEXIS 220641, at *17 (W.D. Tenn. Nov. 30, 2017). Unlike Defendant contends, photos of exterior of the vehicle are not needed. (ECF No. 98, 5.) Moreover, as it turned out, the window tint of the car Defendant was riding in was below the legal limit in Tennessee. (ECF No. 119. 10.) For these reasons, the Court finds that the Chief Magistrate Judge's Report and Recommendation should be ADOPTED.

Objections

Defendant objects to the Magistrate Judge's Report and Recommendation by arguing that the record contains no objective, specific, and articulable facts supporting reasonable suspicion

---

[1] Although the record does not speak to Detective Parks experience enforcing window tint under Tenn. Code Ann. § 55-9-107(A), he did identify the year, make, and model of the vehicle Defendant was riding in, observed that the dark window tint on the vehicle, which was relayed to other officer on the scene. (ECF No. 126, 13:7–14:5.)

for a traffic stop on the basis of unlawful window tint; Defendant cites *United States v. Shank* for the proposition. (ECF No. 121, 1–2.) The argument is not well-taken. In *Shank*, the court found a proper basis for officers to initiate a traffic stop for illegal window tint because the officers, who had substantial prior experience enforcing traffic violations for illegal tint, observed dark tint on a particular vehicle make and estimated that the tint did not allow the legal percent of light to pass through the windows. *Shank*, 543 F.3d at 313. Here, Detective Tate testified that he had substantial prior experience over the past ten years enforcing window tint requirements under Tenn. Code Ann. § 55-9-107(A); this experience came in the form of checking the tint on windows over a hundred times and conducting more than twenty (20) tint comparison tests, both under the supervision of a field training officer and on his own accord. (ECF No. 126, 18:13–20:15; *see* ECF No. 119, 9–10.) Detective Tate identified the car Defendant was driving by make and model, and estimated that the vehicle's windows appeared to be below the legal limit. (ECF No. 126, 18:13–20:15; *see* ECF No. 119, 9–10.) Detective Tate's story was corroborated by Detective Parks. As it turned out, the window tint of the vehicle was in fact darker than the legal limit. Thus, unlike Defendant contends, the record contains objective, specific, and articulable facts supporting reasonable suspicion for a traffic stop on the basis of unlawful window tint. (*Compare* ECF No. 126 (factual basis supporting traffic stop), *with Shank*, 543 F.3d at 313; *see also Monroe*, 2017 U.S. Dist. LEXIS 220641, at *15–17.)

## <u>CONCLUSION</u>

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Suppress and **DENIES** Defendant's Objections.

**IT IS SO ORDERED** on this 21st day of June 2019.

_**s/John T. Fowlkes, Jr.**_
John T. Fowlkes, Jr.
United States District Judge